EDGAR C. MESSERSMITH, Plaintiff, *v.* THE AMERICAN FIDELITY COMPANY, Defendant.

(Supreme Court, Erie Special Term for Motions, November, 1917.)

Insurance (indemnity) — policy of — automobiles — criminal law — actions — negligence.

> In an action upon a policy by which defendant agreed to indemnify plaintiff against loss by reason of use of his automobile there can be no recovery of the amount of a judgment recovered against the plaintiff, in an action for personal injuries caused by the operation of the automobile where it is proved on the trial, as pleaded in the answer, that the accident was caused through the commission of a misdemeanor by the driver of the automobile, who was under eighteen years at the time, and that such criminal act was participated in by the plaintiff as principal because he authorized and commanded such use of the automobile by the driver knowing his age.

MOTION by defendant for judgment on the pleadings.

Rebadow, Ladd & Brown (Franklin R. Brown, of counsel), for plaintiff.

Charles R. Newton, for defendant.

TAYLOR, J.   This defendant, being an insurance corporation, insured this plaintiff against loss to him on account of injuries inflicted on other people by reason of the operation of an automobile owned by this plaintiff.   Later a woman was injured on the streets of the

city of Buffalo by being run against by said automobile which was under the control of another than this plaintiff. Such injured person brought an action and recovered a substantial judgment against this plaintiff by reason of said mishap. This plaintiff paid said judgment and then brought this suit to compel this defendant to indemnify him in the amount of the judgment.

This defendant in its answer — besides making appropriate denials — pleads in substance as an affirmative defense that when the mishap in question occurred the automobile was operated by an infant under eighteen years of age, not only to the knowledge and with the consent of this plaintiff, but pursuant to this plaintiff's instructions and under his orders; and that such operation of the automobile resulting in said mishap was a crime under the laws of the state of New York of the commission of which both the driver and his master, this plaintiff, were guilty as principals. The plaintiff contends that the policy should be strictly construed against the defendant which prepared it; that the policy contains no exception or reservation to which the defendant can now resort for salvation, and that no implied condition which will protect the defendant can be read into the policy. Of course, on this motion the answer must be taken as true and given all possible force and effect.

With all the arguments and claims of both parties the real and only question here involved is this: Does the following language of the policy, namely, "[the defendant] agree to indemnify the insured against loss * * * by reason of the * * * use * * * of the automobile" furnish security for financial loss incurred by the insured through use of the automobile by the insured directly, or by another under his orders which is criminal under the statutes of this state? Whether the result at which I am arriving be deemed

to be derived from reading into the policy a condition
favorable to the defendant or by declining to insert
therein language relieving the defendant I care not.
Whatever might be held as to accidents caused while
an automobile driver is violating a city ordinance regu-
lating speed, for example, or under one of many con-
ceivable sets of circumstances differing from those here
involved, it is inconceivable to me that this plaintiff
can be indemnified under this policy if on the trial it
be proved, as it is pleaded in this answer, that the
mishap in question was caused through the commis-
sion of a misdemeanor by the driver of the automobile,
and that such criminal act was participated in by the
plaintiff as principal because he authorized and com-
manded such use of the automobile by the driver,
knowing the driver to be under the age of eighteen
years.

I appreciate that insurance policies are in general
to be construed strictly against the companies which
draft and issue them; however, this rule is not so broad
as to compel a construction which would force such
companies to save harmless those of their policy hold-
ers who suffer financial loss on account of their having
committed crimes. And this, too, even though the policy
does not except criminal acts; for such an exception,
in my judgment, even though express, would be value-
less because contrary to good public policy. A con-
trary holding would permit such an insurance policy
holder not only to take advantage of his own wrong but
to profit financially from his own criminal act. If the
estate of a suicide cannot recover under a life insur-
ance policy which is silent as to death by suicide (and
this is now the law in the state of New York — *Ship-
man* v. *Protected Home Circle,* 174 N. Y. 406, 410),
surely, *a fortiori,* this plaintiff cannot recover if this
defendant proves what it has alleged in defense.

I think that the answer pleads a good defense and, therefore, that this motion cannot prevail. Ten dollars motion costs to the defendant.

Motion denied, with costs.